IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SGT. HAROLD BOZEMAN )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>BOBBY CUMMINGS, individually and in his )<br>official capacity as the Chief of Police of the City )<br>of Wilmington and CITY OF WILMINGTON, )<br>a municipal corporation, )<br>)<br>Defendants. )<br>) | Civil Action No. 16-391-GMS |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff Harold Bozeman ("Bozeman") sued Chief of Police Bobby Cummings ("Chief Cummings") and the City of Wilmington ("City") on May 26, 2016. (D.I. 1.) The Complaint raises three federal claims under 42 U.S.C. § 1983 concerning Bozeman's employment with the Wilmington Police Department. (*Id.*) Specifically, Bozeman alleges two violations of the First Amendment of the U.S. Constitution arising from Defendants actions in disciplining him, transferring him, and denying him promotions in retaliation for exercising and attempting to exercise his right to free speech and free association. (*Id.*) Bozeman also alleges that Defendants violated his Fourteenth Amendment right to procedural due process by the manner in which Defendants charged and imposed discipline for his social media activity. (*Id.*)

On July 15, 2016, the Defendants moved to dismiss the Count III procedural due process claim, arguing Bozeman has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). (D.I. 10.) For the reasons stated below, the court will deny the Defendants' motion to dismiss.

## II. BACKGROUND

The court takes the following facts from Bozeman's Complaint. Plaintiff Bozeman has continuously served as a police officer with the Wilmington Police Department ("WPD") since September 1996. (D.I. 1 ¶¶ 10-14.) In January 2013, Bozeman became a Sergeant. (*Id.* ¶ 15.) In October 2013, Bozeman was elected President of the Fraternal Order of Police ("FOP"). (*Id.* ¶16.)

The Mayor appointed Defendant Cummings Acting Chief of the WPD in January 2014. (*Id.* ¶ 17.) On April 15, 2014, while Cummings served in his acting role, the FOP issued and announced a vote of no confidence against Cummings. (*Id.* ¶ 20.) The no confidence vote stemmed from the FOP membership's discussion about Cummings' proposed policies, his qualifications for the positon of Chief, and the membership's impression of his tenure as Acting Chief. (*Id.* at 19.) Subsequently, Cummings met with Bozeman and asked questions about the no confidence vote and wanted to know how "they" could "fix this." (*Id.* ¶ 22.)

On May 30, 2014, Cummings was named the new Chief of Police, and on June 16, 2014, a complaint was filed with the Office of Professional Standards ("OPS") alleging that Bozeman had violated the City social media policy. (*Id.* ¶¶ 23-24.) On July 16, 2014, Bozeman was notified of the social media complaint and interviewed by Sgt. Charles Emory, who was assigned to OPS. The OPS alleged that Bozeman violated the City's social media policy by posting items on his personal Facebook account that allegedly "could diminish the city of Wilmington and Wilmington Department of Police standing in the community." (*Id.* ¶¶ 24-25.) During this interview, Sgt. Emory refused to provide the name of the complainant.

On September 30, 2014, the WPD held a complaint hearing board to address the social media complaint. (*Id.* ¶ 30.) The hearing panel consisted of Captains Sherri Tull, Matthew Kurten, and James Gestwicki. At the request of Bozeman, Inspector Elmer Harris replaced Captain Tull

2

on the panel. Inspector Harris reports directly to Chief Cummings. (*Id.* ¶ 28-29.) Bozeman's counsel objected to the refusal of OPS to identify the complainant. (*Id.* ¶ 30.) During the hearing, Sgt. Emory disclosed the name of the complaining officer as being Chief Cummings. (*Id.*) Chief Cummings did not attend the hearing and was not available for cross-examination. (*Id.* ¶ 31.) The Trial Board found Bozeman guilty of the charge and suspended him for eight hours without pay. (*Id.*)

WPD convened an appeal board on April 13, 2015, several months after Bozeman appealed his suspension. (*Id.* ¶ 33.) The appeal board consisted of Inspector Smith (who reports directly to Chief Cummings), the City's human resources director Charlotte Barnes, and FOP Lodge Trustee Sgt. David Rosenblum. (*Id.*) The appeal board upheld the suspension by a 2-1 vote. (*Id.*) Ultimately, Bozeman alleges Chief Cummings initiated disciplinary action against him without providing the right to confront and cross-examine his accuser and convening an impartial and disinterested trial and appeal boards. (*Id.* ¶ 84.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Plaintiffs must provide sufficient

3

factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV.  DISCUSSION

Sgt. Bozeman alleges that Chief Cummings and the City of Wilmington violated his Fourteenth Amendment right to due process in connection with Cummings' decisions to discipline, transfer, and deny him promotion. Bozeman contends that he had a protected property interest as an employee of the City of Wilmington and therefore was entitled to procedural due process before WPD could discipline him. Bozeman claims the Defendants denied due process by failing to provide (1) the right to confront and cross-examine his accuser and (2) the right to impartial and disinterested trial and appeal boards. (D.I. 1 ¶ 84.)

The Fourteenth Amendment's due process clause prohibits States from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To sustain a procedural due process claim, a plaintiff must establish that (1) he has an interest derived from the Fourteenth Amendment's "life, liberty or property" clause and (2) the procedures available to him did not provide due process of law. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). If a plaintiff identifies a valid property interest, the court must determine what process was due under the circumstances.[1] *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). *Lande v. City of Bethlehem*, 2010 WL 5173154. Consistent with the due process clause of the Fourteenth Amendment, "a deprivation of life, liberty, or property [must] "be

---

[1] The parties do not dispute plaintiff had a constitutionally protected right to continued employment as a permanent employee of the Wilmington Police Department. Thus, the court's analysis focuses on whether the process afforded to plaintiff was sufficient for Fourteenth Amendment purposes. *See Hopkins v. Mayor & Council of City of Wilmington*, 600 F.Supp. 542, 546 (D. Del. 1984).

4

preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

### A. The Right to Confront and Cross Examine His Accuser

Defendants argue that the decision not to provide Bozeman the identity of the complainant until the start of the hearing did not deprive him of procedural due process. (D.I. 10 at 5-6.) Defendants assert that Bozeman was provided with adequate procedural due process: notice of the charges against him, an explanation of the evidence, and a full hearing with an opportunity to present his side of the story prior to the decision to suspend him. (D.I. 10. at 4.) The court agrees with Defendants. In *Lande*, the Third Circuit dismissed a police officer's procedural due process claim because he received a pre-suspension hearing, which included a meeting with two supervisors where he was "provided an opportunity to present reasons, in person, why he should not be disciplined." 457 Fed. Appx. At 192. The procedural due process requirements of notice and a fair opportunity do not mandate the right to cross-examine his accuser. Therefore, the court concludes that lack of cross-examination of Chief Cummings did not render the process unconstitutional.

### B. The Right to Impartial and Disinterested Trial and Appeal Boards

Defendants assert that Bozeman failed to allege any facts that demonstrate any of the individuals who served on either the trial or appeal board were extensively involved or had a personal interest in the matter at issue in the hearings to establish lack of impartiality. (D.I. 10 at 9.) Bozeman alleges that Chief Cummings maintained bias against him, filed disciplinary charges against him as a means of retaliation, and then orchestrated both the investigation and hearings so as to insure conviction. (D.I. 14 at 8.) Furthermore, Bozeman alleges that because the WPD

officers who served on the boards (trial and appeal) reported to Chief Cummings, they were not impartial. (D.I. 1 at ¶¶ 27, 29, 31, 33.)

The court finds that "[a]n impartial decision maker is an essential element of due process." *Bowens v. N.C. Dept. of Human Res.,* 710 F.2d 1015, 1020 (4th Cir. 1983) (citing *Goldberg v. Kelly,* 397 U.S. 254, 271(1970)). Administrative decision makers "are entitled to a presumption of honesty and integrity, and absent a showing of bias stemming from an extrajudicial source, they are not constitutionally precluded from making the determination that they are directed to make by their employer." *Morris v. City of Danville,* 744 F.2d 1041, 1044 (4th Cir. 1984) (citations omitted). "This presumption can only be overcome by demonstrations of 'extrajudicial' bias stemming from other influences than the investigative involvement." *Boston v. Webb,* 783 F.2d 1163, 1166 (4th Cir. 1986) (citing *Withrow v. Larkin,* 421 U.S. 35, 55 (1975); *Morris,* 744 F.2d at 1044).

Accepting the allegations in the Complaint as true and giving Bozeman the benefit of all reasonable factual inferences, Bozeman has sufficiently alleged that Chief Cummings was biased in bringing disciplinary charges against him and tainted the independence of the boards. The fact that officers who sat on the Complaint Hearing Board and Appeal Board report to Chief Cummings suggest that Bozeman has a plausible claim to relief. Indeed, the timing of the complaint against Bozeman coupled with Chief Cummings' relationship to some of the decision makers further supports the plausibility of the claim. Thus, Bozeman has rebutted the presumption that the trial and appeal boards acted impartially. Because Bozeman has stated a claim for deprivation of a property interest in violation of due process, the Defendants' Motion is denied with respect to Count III of the Complaint.

## V. CONCLUSION

For the foregoing reasons, the court will deny the Defendants' motion to dismiss Count III against Chief Cummings and the City of Wilmington. (D.I. 10.)

Dated: November 22, 2016

_____
UNITED STATES DISTRICT COURT

7